No. 29,339.

THE STATE OF KANSAS, *Appellee,* v. IRA BRADLEY, *Appellant.*

(288 Pac. 735.)

Opinion filed June 7, 1930.

*M. L. Opperud* and *O. B. Martin,* both of Blackwell, Okla., for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Guy Neal,* county attorney, for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: The defendant was convicted of the offense of unlawfully having intoxicating liquor in his possession, and appeals to this court.

He sets forth two specifications of error. (1) That the verdict returned by the jury as to the first count was not sustained by sufficient evidence, and the judgment of the court was excessive. (2)

That the verdict of the jury on the first count was contrary to the court's instructions.

The evidence showed substantially the following: That on two different occasions the officers of Harper county went to the home of the defendant and searched the premises, the first time on August 30, 1929, and again on September 24, 1929; that on each trip some empty bottles were found on the premises; that on the first date the defendant and his family were away from home and the officers found three bottles of liquid commonly known and referred to as "home brew" in a little back room which was used by the defendant as a wash room. That at the same time they found a number of empty bottles and a large kettle, and in the weeds some distance from the house they found a rubber hose and a funnel. The rubber hose was of the size commonly used for a siphon. Some of the liquid found was sent to a chemist at Wichita, who testified at the trial that he made an analysis and that it showed nine per cent alcohol.

The defendant placed several witnesses on the stand to establish his good reputation in the community, and to refute this the state put on the sheriff of the county, who testified that the defendant's reputation was bad; that "his reputation is that he peddles booze all the time."

The defendant contends that the above evidence was insufficient to sustain a conviction of having liquor in his possession under the Kansas bone-dry law, and argues that it was not shown by the state that the possession, as detailed in the foregoing, was accompanied by an unlawful intent, within the meaning of the law, to appropriate, sell or dispose of the same, or that the defendant can be charged with a mentally unlawful and illegal intent to barter, sell, appropriate or otherwise dispose of intoxicating liquor. As to this argument it is only necessary to say that the appellant was convicted on the possession count only. The home brew was found in the dwelling house of the defendant, which house was in his possession and under his control.

The defendant argues further that because he did not claim the three bottles of home brew, because he testified that he did not even know that they were on the premises and was away from home when the raid was made, there was no knowledge shown on his part that he was in actual possession of this liquor.

In *State v. Carl*, 124 Kan. 277, 259 Pac. 680, this court said:

"Extended argument concerning the sufficiency of the evidence to show

that the defendant had possession of the jugs and that he knew what was in them cannot serve any good purpose. It was enough to warrant the jury in finding the defendant guilty of the possession of the intoxicating liquor. Any reasonable doubt concerning that matter was for the jury, not for this court." (p. 278.)

The defendant argues strenuously that the penalty which the court assessed—a fine of $200, a jail sentence of sixty days and costs of the case amounting to $280.40—was excessive and cannot be sustained under the evidence in the case.

R. S. 21-2101 provides what the sentence shall be for conviction of violation of the prohibitory liquor law as follows:

"Any person violating the provisions of this section shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined in any sum not less than one hundred dollars nor more than five hundred dollars and be imprisoned in the county jail not less than thirty days nor more than six months."

It is to be observed that the statute makes the penalty to be imposed discretionary with the trial court, the discretion of the court being limited only by the minimum and maximum sentences provided by the statute.

The defendant cites numerous decisions of the state of Oklahoma in support of his contention that the sentence was excessive and should be modified, but these decisions do not appear to follow the general rule. We have been unable to find that the precise question involved here has ever been directly passed upon by this court. The general rule is laid down in 2 R. C. L. § 177, as follows:

"In many jurisdictions instead of the punishment in criminal cases being fixed by the jury it is left to the trial judge, and as a general rule the appellate court will not disturb the sentence as excessive, provided it is within the limits prescribed by law for the exercise by the trial judge of his discretion and is not the result of partiality, prejudice, oppression or corrupt motive."

If the record showed no evidence other than the mere finding of the three bottles of home brew then it might be argued with some reasonable force that the sentence was excessive and more severe than is usually imposed in such cases, but it must be remembered that in this case, in addition to the finding of the three bottles of home brew, there was the damaging testimony of the sheriff to the effect that the defendant was reputed to be a bootlegger. This presented a situation which was testified to in the presence of the trial judge. He conducted the trial, heard all the witnesses, saw them upon the stand and observed their demeanor, and in the absence of any showing of "partiality, prejudice, oppression or corrupt motive,"

this court will not attempt to set up its judgment in place of that of the trial court by decreeing that the sentence was excessive.

We find no reversible error in the record. The judgment of the trial court is affirmed.